1 **WO**                                                                                              JM
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                          **FOR THE DISTRICT OF ARIZONA**
8
9  David Saint Fort,                 )   No. CV 11-2385-PHX-GMS (MEA)
                                     )
10           Petitioner,              )   **AMENDED ORDER**
                                     )
11 vs.                                )
                                     )
12                                    )
   Katrina Kane, et al.,              )
13                                    )
             Respondents.             )
14                                    )
   _____    )
15

16     Petitioner David Saint Fort (A079-498-468), who is represented by counsel, has filed
17 a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Motion for
18 Preliminary Injunction (Doc. 4). The Court will require Respondents to answer the Petition
19 and respond to the Motion for Preliminary Injunction.

20 **I.     Petition for Writ of Habeas Corpus**

21     Petitioner, who is a native and citizen of Haiti, entered the United States in 2001. On
22 March 26, 2003, an Immigration Judge (IJ) entered a removal order against him in absentia.
23 Petitioner's subsequent motion to reopen was granted, but on June 7, 2004, he was again
24 ordered removed in absentia. On April 12, 2005, he was served with a Notice of Intent to
25 Issue a Final Administrative Removal Order under 8 U.S.C. § 1228(b) as a non-permanent
26 resident alien who had been convicted of an aggravated felony. After Petitioner expressed
27 a fear of returning to Haiti, he was referred to an IJ to apply for withholding of removal and
28 protection under the Convention Against Torture (CAT). On February 15, 2006, an IJ denied

withholding of removal and protection under CAT. The Board of Immigration Appeals (BIA) affirmed the denial of relief, but on December 23, 2008, the United States Court of Appeals for the Ninth Circuit granted Petitioner's petition for review in part and remanded for the BIA to consider his CAT claim. The BIA, in turn, remanded Petitioner's CAT claim to the IJ. On March 17, 2010, the IJ again denied Petitioner's request for protection under CAT. On April 14, 2010, the BIA dismissed his appeal. Petitioner's second petition for review is currently pending in the Ninth Circuit and he has been granted a stay of removal pending resolution of his petition.

Petitioner requested that an IJ redetermine his custody status under Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008) and Diouf v. Napolitano, 634 F.3d 1081 (9th Cir. 2011). On October 19, 2011, an IJ held that neither Casas-Castrillon nor Diouf applied to aliens like Petitioner who are detained under 8 U.S.C. § 1228(b) and that he lacked jurisdiction to redetermine Petitioner's custody status. Petitioner's appeal is currently pending before the BIA.[1]

Petitioner argues that detention without bond under 8 U.S.C. § 1228(b) for more than six years is inconsistent with the Immigration and Nationality Act as interpreted by the Ninth Circuit in Casas-Castrillon and Diouf. He also argues that his continued detention violates his substantive and procedural due process rights under the Fifth Amendment. He seeks a declaration that his current detention is unlawful and an order directing Respondents to grant him a bond hearing before an IJ, with the burden on the government to show that he is either a flight risk or a danger to society.

**II.     Motion for Preliminary Injunction**

Petitioner has also filed a Motion for Preliminary Injunction seeking an order enjoining his further detention without a bond hearing while his habeas petition is pending.

---

[1] Petitioner argues that Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), is distinguishable and that he is not required to exhaust administrative remedies because, unlike the alien in Leonardo, he was not granted a substantive custody redetermination, and because his Petition presents a purely legal question over which the BIA possesses no special expertise.

- 2 -

1 Petitioner argues that he is likely to succeed on the merits of his Petition and that his immediate release is necessary in order to prevent further deterioration of his medical condition due to a life-threatening skin disease that he contracted during his detention.

### III. Answer, Response and Hearing

The Court will require Respondents to answer the Petition. Respondents will also be required to respond to the Motion for Preliminary Injunction, which will be set for hearing on Thursday, December 22, 2011, at 3:30 pm. In addition to responding to Petitioner's specific arguments, the response must explain why <u>Casas-Castrillon</u> is not binding authority in this case. Section 1228(b) provides an alternate removal procedure, but it does not expressly provide an alternate authority for detention.[2] Because Petitioner is now subject to an administratively-final order of removal that is being reviewed by a court that has granted a stay of removal, the distinction between this case and <u>Casas-Castrillon</u> is not apparent.

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Summons, Petition (Doc. 1), Memorandum of Points and Authorities (Doc. 2), Motion for Preliminary Injunction (Doc. 4), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2)(A).

(2) Respondents must answer the Petition within 20 days of the date of service. Petitioner may file a reply within 20 days of service of Respondents' answer.

(3) Respondents must respond to Petitioner's Motion for Preliminary Injunction as soon as possible, but no later than **5:00 p.m. on Wednesday, December 28, 2011**.

(4) Petitioner's Motion for Preliminary Injunction (Doc. 4) is set for a hearing at **3:00 p.m. on Thursday, December 29, 2011, in Courtroom No. 602**.

---

[2] The reference in § 1228(a)(c) to an alien "who is taken into custody . . . pursuant to section 1226(c)" suggests that the authority to detain aliens in expedited removal proceedings under § 1228 is provided by § 1226, the general detention provision.

(5) The Clerk of Court must forthwith fax a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Cynthia Parsons at (602) 514-7760.

DATED this 16th day of December, 2011.

/G. Murray Snow
United States District Judge